IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00442-BO-KS

| | | |
|---|---|---|
| CHRISTOPHER CRITZER | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOWN OF WENDELL, | ) | |
| WENDELL POLICE DEPARTMENT, | ) | |
| and NICHOLAS CULVER | ) | |
| Defendants. | ) | |

This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Kimberly A. Swank. [DE 27]. The M&R recommends defendants' partial motion to dismiss for failure to state a claim [DE 9, 10] be granted. Plaintiff, who proceeds *pro se*, filed an objection [DE 28] to the M&R and defendant filed a response to that objection. [DE 31]. The matter is ripe for ruling. For the reasons that follow, the recommendation of the magistrate judge is adopted.

## BACKGROUND

This action concerns one federal claim and four state claims removed to this court via supplemental jurisdiction. Those claims are as follows: (1) a federal Fourth and Fourteenth Amendment claim under 42 § U.S.C. 1983 against Officer Culver and the Town of Wendell; and state torts claims for (2) false arrest/false imprisonment against Officer Culver; (3) negligent supervision/retention against the Town of Wendell and the Wendell Police Department; (4) intentional infliction of emotional distress (IIED) against Officer Culver; and (5) defamation against Officer Culver. [DE 1-1 at 2-4].

These claims arise from an incident that occurred on November 2, 2024. [DE 1-1 at 2]. Plaintiff alleges that, on that day, Officer Nicholas Culver of the Wendell Police Department "directed or allowed a marching band to perform outside plaintiff's residence after midnight," prompting plaintiff to exit his residence, armed with a golf club and concrete tool. *Id*. Once plaintiff discovered the source of the noise, he asked the group to disperse. *Id.* At that point, Officer Culver approached plaintiff, "drew weapons," and falsely arrested plaintiff on charges of assault and resisting arrest. *Id.*

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection[.]" *U.S. v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Case 5:25-cv-00442-BO-KS    Document 41    Filed 03/19/26    Page 2 of 6

Defendants filed a partial motion to dismiss plaintiff's § 1983 claim against the Town of Wendell.[1] Defendants also moved to dismiss plaintiff's IIED and defamation claims against Officer Culver. [DE 10 at 1].

Magistrate Judge Swank recommends that defendants' motion be granted.[2] [DE 27]. She also recommends that the Court *sua sponte* dismiss plaintiff's claim against the Wendell Police Department because the Department lacks the capacity to be sued. [DE 27 at 5]. In response, plaintiff specifically objects to the dismissal of his "§ 1983 Monell claim" against the Town of Wendell and his IIED claim against Officer Culver. [DE 28 at 1]. Thus, the Court reviews those claims *de novo* as to the issue of failure to state a claim. *See Diamond*, 416 F.3d at 315.

The Court also reviews the unobjected-to claims for clear error and, finding none, adopts the recommendation of the M&R to dismiss those claims. *See Camby*, 718 F.2d at 200.

## I.     Failure to State a Claim

When reviewing a complaint for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true

---

[1] Defendants also discuss, in their memorandum supporting their motion to dismiss, arguments in favor of dismissal regarding plaintiff's claim for negligent supervision/retention against the Town of Wendell. [DE 10 at 5]. However, defendants failed to move for dismissal of that claim in their motion. Accordingly, the Court refrains from answering those arguments.

[2] Magistrate Judge Swank notes: "To the extent [p]laintiff has asserted a § 1983 claim against Officer Culver in his official capacity, that claim is against the Town. *Kentucky v. Graham*, 473 U.S. 159, 165–166 (1985)." The Court agrees.

3

unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted).

## A. Section 1983 *Monell* Claim Against the Town of Wendell

Under *Monell v. Department of Social Services of the City of New York*, a local government can be held liable under 42 U.S.C. § 1983 for its unconstitutional policies. 436 U.S. 658, 690–94 (1978). Liability is limited, however, and is not available under a *respondeat superior* theory. *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Municipal liability results only "when execution of a government' s policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell*, 436 U.S. at 694.

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is 'so persistent and widespread' as to constitute a 'custom or usage with the force of law.'

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotations omitted).

Plaintiff's complaint does nothing more than allege the "Town of Wendell is liable under *Monell* . . . for failure to properly train or supervise its officers." [DE 1-1 at 3]. It does not allege any supporting facts as to how Officer Culver's alleged actions were in accordance with any government policy. Therefore, plaintiff fails to allege a plausible claim under *Monell*.

## B. IIED Claim Against Officer Culver

To prevail on a claim for IIED, a plaintiff must be able to show: "(1) extreme and outrageous conduct; (2) which is intended to cause and does cause (3) severe emotional distress to another." *May v. City of Durham*, 136 N.C. App. 578, 586 (2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond

4

all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 493 (1986) (citing Restatement (Second) of Torts § 46 comment (d) (1965)). Allegations of "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" are insufficient to plead an IIED claim. *Johnson v. Bollinger*, 86 N.C. App. 1, 6 (1987) (quoting *Briggs v. Rosenthal*, 73 N.C. App. 672, 676 (1985)). Whether conduct is extreme and outrageous is a question of law. *Norton v. Scotland Mem'l Hosp., Inc.*, 250 N.C. App. 392, 398 (2016).

Plaintiff's complaint alleges Officer Culver intentionally caused a public disturbance by directing or permitting a marching band to perform in a residential area after midnight, disturbing the sleep of plaintiff and his wife. [DE 1-1 at 3]. And, "[a]s a direct and proximate result of this intentional disturbance, [p]laintiff suffered severe emotional distress, reputational harm, and disruption to his family's well-being." [Id.]. Plaintiff objects to the dismissal of his IIED claim by "clarifying" that his claim arises not merely from the alleged noise disturbance, but also from his arrest and the ensuing circumstances. [DE 28 at 4–5].

Magistrate Judge Swank recommends dismissal for failure to state a claim, [DE 27 at 8] and the Court agrees with her reasoning. "[L]oud music or noises depriving an individual from sleep is not extreme and outrageous" conduct. *Coleman v. N.C. Dep't Pub. Safety*, No. 3:20-CV-570-MOC-DSC, 2023 WL 5493586, at 16 (W.D.N.C. Aug. 24, 2023). Furthermore, it is not unreasonable conduct for an officer to conduct an arrest for assault of an individual who is brandishing weapons during a nighttime confrontation. Lastly, plaintiff's complaint does not sufficiently show "severe emotional distress," merely stating that he suffered the same, but failing to allege facts "regarding the type, manner, or degree[.]" *See Moschos v. Moschos*, 287 N.C. App.

5

162, 166 (2022). Therefore, the facts as alleged in the complaint do not rise to the level of extreme conduct essential to establish an IIED claim.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objection [DE 28] to the memorandum and recommendation is OVERRULED. The memorandum and recommendation [DE 27] is ADOPTED in its entirety. Defendants' partial motion to dismiss is GRANTED, and the following claims of plaintiff are DISMISSED WITH PREJUDICE: all claims against the Wendell Police Department; the § 1983 claim against Officer Culver in his official capacity; and the IIED and defamation claims against Officer Culver. Plaintiff's § 1983 claim against the Town of Wendell is DISMISSED WITHOUT PREJUDICE. The claims remaining are as follows: (1) false arrest/false imprisonment against Officer Culver; (2) § 1983 claim against Officer Culver in his individual capacity; and (3) negligent supervision/retention against the Town of Wendell.

SO ORDERED, this **18** day of March 2026.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6